FILED

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

13 DEC 19 PM 12:28

| | | |
|---|---|---|
| GARY CLEVENGER, | ) | |
| | ) | |
| Plaintiff | ) | Cause No.: |
| | ) | |
| vs. | ) | 2 13CV 481 |
| | ) | |
| DEAN DAIRY HOLDINGS, LLC | ) | |
| | ) | |
| Defendant | ) | |

## COMPLAINT FOR DAMAGES
## AND REQUEST FOR JURY TRIAL

Plaintiff, Gary Clevenger, by counsel and as his Complaint for Damages against Defendant, states as follows:

PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Gary Clevenger, is a resident of Fulton County in the State of Indiana and a former employee of Defendant.

2. Defendant, Dean Dairy Holdings, LLC, is an employer as defined by 42 U.S.C. §12101 *et. seq.* and 29 U.S.C. § 2612 *et. seq.* and conducts business in the State of Indiana.

3. Mr. Clevenger invokes this Court's federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a).

4. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

GENERAL FACTS & SPECIFIC ALLEGATIONS

5. Plaintiff began his employment with Defendant on or about October 30, 1999.

6. On or around 2004, Plaintiff was diagnosed with Multiple Sclerosis ("MS"), a disability of which Defendant was aware.

7. After Plaintiff's MS started to noticeably progress in or around 2009, he used his union seniority to transfer to a lab position that more easily accommodated his MS.

8. While working at the lab position, Plaintiff was routinely singled out by management in order to persuade him to quit. Plaintiff continued to work in that position, but the Defendant decided to eliminate the job.

9. Plaintiff then used his seniority to transfer to a Class 4 Trailer Jockey position.

10. Plaintiff successfully bid the Trailer Jockey position, but the Defendant failed or refused to provide him with the necessary training that other employees in his position received.

11. In or about the end of June 2013, Plaintiff was driving the spotter and accidentally backed it into a building.

12. Plaintiff was terminated for this accident on or about July 11, 2013.

13. Other employees of the Defendant that are outside his protected class have, both before and since, been involved in similar accidents causing even more extensive damage to company property and have not been terminated.

14. Plaintiff filed a charge of discrimination with the Equal Opportunity Commission wherein he alleged discrimination under the American's with Disabilities Act of 1990 42 U.S.C. § 12101 (ADA) charge number 470-2013-02844).

15. The Equal Employment Opportunity Commission issued Plaintiff a Right-to-Sue letter on September 27, 2013.

## COUNT I

16. Plaintiff incorporates by reference paragraphs one through fifteen of his complaint for damages.

17. Plaintiff suffers from a disability as defined by the Americans with Disabilities Act, specifically Multiple Sclerosis.

18. The Defendant was aware Plaintiff's disability and refused to provide reasonable accommodations, such as training.

19. Plaintiff was able to perform the essential functions of his job, with or without reasonable accommodation.

20. The Defendant was motivated by Plaintiff's disability and/or perceived disability when it terminated his employment.

21. Non-disabled employees outside Plaintiff's protected class were treated more favorably than Plaintiff.

22. As a result of Defendant violating Plaintiff's rights as protected under the Americans with Disabilities Act, Plaintiff sustained damages including, but not limited to, lost pay and benefits, mental and emotional anguish, attorney fees and costs.

WHEREFORE, Plaintiff prays for judgment against Defendant, for reinstatement, for an award of lost wages and benefits, compensatory damages, attorney fees and costs incurred herein, and for all other appropriate relief.

## COUNT II

23. Plaintiff incorporates by reference paragraphs one through twenty-two above.

24. During his employment with Defendant, Plaintiff was qualified for Family Medical Leave to seek treatment for his MS and/or to care for his wife who suffers from Lupus and Rheumatoid Arthritis.

25. Defendant is self-insured and was aware of the medical conditions of both Plaintiff and his wife.

26. Plaintiff suffered an adverse employment action when Defendant terminated his employment for his perceived need for future Family Medical Leave.

27. Plaintiff was treated less favorably than employees without medical conditions who were less likely to utilize Family Medical Leave.

28. Defendant's termination of Plaintiff was done with malice and wanton disregard for Plaintiff's rights under the Family Medical Leave Act.

29. As a result, Plaintiff has sustained damages including, but not limited to, lost pay and benefits, attorney fees and costs.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant, for an award of back pay, job reinstatement, liquidated damages, reasonable attorney fees, costs and all other appropriate relief.

Respectfully submitted,

HENN HAWORTH CUMMINGS

David M. Henn, #18002-49
Paul J. Cummings, #22713-41

REQUEST FOR JURY TRIAL

Plaintiff, by counsel, respectfully requests this cause be tried by jury.

Respectfully submitted,

HENN HAWORTH CUMMINGS

_____
David M. Henn, #18002-49
Paul J. Cummings, #22713-41

HENN HAWORTH CUMMINGS
625 N. Madison Avenue, Suite A
Greenwood, Indiana 46142
(317) 885-0041
(888) 308-6503 Fax